UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BLUEFIELD DIVISION

| | |
|---|---|
| **RONNIE DEVON REDDEN,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| v. | )  Civil Action No. 1:05-1147 |
| | ) |
| **THOMAS McBRIDE,** | ) |
| **Warden,** | ) |
| | ) |
| **Respondent.** | ) |

**PROPOSED FINDINGS AND RECOMMENDATION**

On December 13, 2005, Petitioner, an inmate at Mount Olive Correctional Complex, acting *pro se*, filed a Petition Under 28 U.S.C. §2254 for Writ of *Habeas Corpus* By A Person in State Custody and an Application to Proceed in *Forma Pauperis*.[1] (Doc. Nos. 1 and 2.) Petitioner alleges the following grounds for *habeas* relief:

   A.   Case #1 refer to transcripts
        (1) recant of testimony
        (2) did not call any medical experts of my attorney incompetence
        (3) refer to letter written to Mr. VanDervort

   B.   Case #2 refer to transcripts
        (1) Illegal bench trial where I said no refer to transcripts that my mother
        Mary Redden has in her possession
        (2) discrepancies in testimony - lead to falsehoods
        (3) Ralph Bledsoe v. State of West Virginia states that district attorney Debra
        Gardner said that state police tell falsehoods
        (4) refer to letter written to Mr. VanDervort

(Doc. No. 1 at 13.) By Standing Order also filed on December 13, 2005, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

and a recommendation for disposition pursuant to 28 U.S.C. §636(b)(1)(B). (Doc. No. 4.) Pursuant to Rule 4 of the Rules Governing Section 2254 Proceedings in the United States District Court, "[i]f it plainly appears . . . that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." From the record available to the Court, it appears that Petitioner filed his Petition beyond the one-year statute of limitation pursuant to 28 U.S.C. §2244(d)(1). Accordingly, because the circumstances in Petitioner's case do not justify equitable tolling, the undersigned has determined that Petitioner's §2254 Petition should be dismissed.[2]

## FACTUAL AND PROCEDURAL HISTORY

Plaintiff indicates in his Petition that he is seeking to challenge his sexual assault convictions which were rendered against him in two separate cases in the Circuit Court of Mercer County in September of 1993. (Doc. No. 1.) Because Petitioner does not provide sufficient information in his Petition to evaluate the timeliness of his claims, the office of the undersigned contacted the Office of the Circuit Clerk of Mercer County and was provided information relating to Petitioner's criminal records in Mercer County. The undersigned's office was advised that Petitioner was convicted of felony charges in three separate cases, Case Nos. 87-F-55, 92-F-77, and 95-F-153. The undersigned's office was further advised that Petitioner was convicted of daytime burglary in Case No. 87-F-55 and that Petitioner was convicted of sexual assault in Case Nos. 92-F-77 and 95-F-153. Accordingly, it appears that Petitioner is seeking to challenge his convictions rendered in Case Nos. 92-F-77 and 95-F-153.

---

[2] The undersigned further notes that Petitioner's Petition fails to comply with Rule 2 of the Rules Governing Section 2254 Cases because Petitioner fails to adequately set forth facts supporting his requested grounds for *habeas* relief.

With respect to Petitioner's conviction in Case No. 92-F-77, Petitioner was convicted of first degree sexual assault, third degree sexual assault, and child abuse by parent. State v. Redden, Case No. 92-F-77 (Cir. Ct. Mercer, October 5, 1992). Petitioner appealed his convictions to the Supreme Court of Appeals of West Virginia [SCAWV]. The undersigned's office contacted the Office of the Clerk of the SCAWV and was advised that Petitioner's direct appeal was refused by the SCAWV on October 6, 1993, and that Petitioner did not file a Petition for Writ of *Certiorari* in the United States Supreme Court. The undersigned's office was further advised by the Office of the Circuit Clerk of Mercer County that Petitioner filed a Petition for Writ of *Habeas Corpus* in the Circuit Court of Mercer County with respect to his conviction in Case No. 92-F-77 in November of 1993. Redden v. Trent, Civil Action No. 93-1656 (Cir. Ct. Mercer, March 10, 1994). By Order of March 10, 1994, the Circuit Court of Mercer County denied Petitioner's post-conviction *habeas corpus* petition. (Id.) Petitioner appealed to the SCAWV alleging various errors including ineffective assistance of counsel and insufficient funding of the Public Defender's Office. Redden v. Trent, Case No. 22703 (W. Va. July 17, 1995). On July 17, 1995, the SCAWV issued an opinion affirming the decision of the Circuit Court of Mercer County. Id.

With respect to Petitioner's conviction in Case No. 95-F-153, Petitioner was convicted in January of 1996 of first degree sexual assault. State v. Redden, Case No. 95-153 (Cir. Ct. Mercer, Jan. 17, 1996). Petitioner's direct appeal of his conviction was refused by the SCAWV on May 29, 1997. State v. Redden, 199 W. Va. 660, 487 S.Ed.2d 318 (May 29, 1997). The undersigned's office was advised by the Office of the Clerk of the SCAWV that Petitioner did not file a Petition for Writ of *Certiorari* in the United States Supreme Court, nor has Petitioner filed any *habeas* petitions with respect to this conviction.

On December 13, 2005, Petitioner filed his instant Petition Under 28 U.S.C. §2254 for Writ

of Habeas Corpus By a Person in State Custody in this District. (Doc. No. 1.) On December 16, 2005, Petitioner filed several letters addressed to his mother and Quality of Life Review forms. (Doc. No. 5.) Many of his letters are disturbing as they relate to the alleged disappearance of children and telepathy. On December 22, 2005, Petitioner filed a letter which purports to set forth additional facts in support of his Petition for *habeas* relief. (Doc. No. 6.) Construing Plaintiff's Application and supporting documents liberally, it is clear that Plaintiff filed his instant Petition beyond the one-year statute of limitation under 28 U.S.C. §2244(d)(1)(A).

## **ANALYSIS**

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 [AEDPA], effective April 24, 1996, provides that §2254 *habeas* petitions must be filed within one year after "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. §2244(d)(1)(A).[3] If the Petitioner

---

[3] Title 28 Section 2244(d) provides as follows:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims

does not petition for Writ of *Certiorari* in the United States Supreme Court upon the denial of direct review in the highest State Court, then the one-year limitation period begins 90 days after judgment is entered in the highest state court. (i.e., when the period for filing a petition for a Writ of *Certiorari* in the United States Supreme Court expires). See Harris v. Hutchison, 209 F.3d 325, 328 (4th Cir. 2000).

With respect to Petitioner's conviction in Case No. 92-F-77, Petitioner did not file a Petition for Writ of *Certiorari* in the United States Supreme Court, and therefore, his conviction became final under 28 U.S.C. §2244(d)(1)(A) on January 4, 1994 (90 days after the SCAWV refused his Petition for Appeal of his conviction and sentence). Petitioner's conviction became final, however, prior to the April 24, 1996, enactment of the AEDPA. In Brown v. Angelone, 150 F.3d 370, 374 (4th Cir. 1998), the Fourth Circuit Court of Appeals held "that a prisoner whose statutory right to seek federal habeas relief accrued prior to the AEDPA must receive a reasonable period of time after the statute's effective date to file his petition." The Fourth Circuit determined that a "'reasonable period' means one year from the effective date of the AEDPA – i.e., that prisoners whose convictions became final any time prior to the effective date of the AEDPA had until April 23, 1997, to file their §2254 petition." Id. at 375. Accordingly, pursuant to the holding in Brown and Rule 6(a) of the Federal Rules of Civil Procedure,[4] Petitioner's one-year statute of limitation began to run on April 25, 1996,

---

        presented could have been discovered through the exercise of due diligence.

  (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

[4] Rule 6(a) of the Federal Rules of Civil Procedure provides in part, as follows:

  (a) **Computation**. In computing any period of time prescribed or allowed by these

5

and he had until April 24, 1997, to file a § 2254 Petition in the United States District Court, unless he first sought post-conviction relief from the State Courts, thereby effectively tolling the one-year limitation period.[5] Although Petitioner filed a State *habeas* Petition, the matter was concluded on July 17, 1995, when the SCAWV issued an opinion affirming the decision of the Circuit Court Mercer County. <u>Redden v. Trent</u>, Case No. 22703 (W. Va. July 17, 1995). Accordingly, the statute of limitation was not tolled because the limitations period did not begin to run until April 25, 1996, after the enactment of the AEDPA. Petitioner filed his instant §2254 Application on December 13, 2005, which was eight years after the § 2244(d)(1) limitation had expired. Consequently, Petitioner's instant §2254 *habeas* Petition with respect to his conviction in Case No. 92-F-77 was filed outside the limitation period under 28 U.S.C. §2244(d).

With respect to Petitioner's conviction in Case No. 95-F-153, Petitioner did not file a Petition for a Writ of *Certiorari* in the United States Supreme Court, and therefore, his conviction became final under 28 U.S.C. §2244(d)(1)(A) on August 27, 1997 (90 days after the SCAWV refused his Petition for Appeal of his conviction and sentence). Thus, pursuant to Rule 6(a) of the Federal Rules

---

rules, by the local rules of any district court, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, or in, when the act to be done is the filing of a paper in court, a day on which the weather or other conditions have made the office of the clerk of the district court inaccessible, in which event the period runs until the end of the next day which is not one of the aforementioned days.

[5] Title 28 U.S.C. §2242(d)(2) provides as follows:

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

6

of Civil Procedure, the one-year statute of limitation began to run on August 28, 1997, and Petitioner had until August 27, 1998, to file a §2254 Application in the United States District Court, unless he first sought post-conviction relief from the State Courts. The undersigned's office was advised by the Office of the Clerk of the SCAWV that Petitioner did not seek State *habeas* relief with respect to this conviction. Petitioner filed his instant §2254 Application on December 13, 2005, which was seven years after the § 2244(d)(1) limitation had expired. Consequently, Petitioner's instant §2254 *habeas* Petition with respect to his conviction in Case No. 95-F-153 was filed also outside the limitation period under 28 U.S.C. §2244(d), thereby barring his present federal claims from review.

Nevertheless, the one-year limitation period may be subject to equitable modification in appropriate cases. See Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003)(*en banc*), *cert. denied*, 541 U.S. 905, 124 S.Ct. 1605, 158 L.Ed.2d 248 (March 8, 2004)(No. 03-7892); Harris, 209 F.3d at 328-31. In determining whether to apply the doctrine of equitable tolling, the District Court is required to consider the "facts and circumstances" of the particular case. Harris, 209 F.3d. at 330 (the doctrine "does not lend itself to bright-line rules."). In Harris, the Court of Appeals stated as follows:

> To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

Harris, 209 F.3d at 330. Thus, equitable tolling is justified when the petitioner can demonstrate that extraordinary circumstances external to his own control prevented timely filing of the petition. Id.; Rouse, 339 F.3d at 246. Petitioner has not made such a showing. Furthermore, the Court does not find that the particular circumstances of Petitioner's case warrant tolling of the statute. Petitioner's § 2254 Petition was filed seven years from the expiration of the limitation period in Case No. 92-F-

7

77 and eight years from the expiration of the limitation period in Case No. 95-F-153. See Rouse v. Lee, 341 F.3d 698, 705, n.6 (4th Cir. 2003)("A court considering equitable tolling should consider the length of a petitioner's delay, to ensure adequate attention to the possibility of prejudice to the State, in the case of lengthy delays, and to ensure fairness to the petitioner, in the case of very short ones.")(vacated on other grounds). Accordingly, Petitioner is foreclosed from the application of equitable tolling to his case. See Rouse, 314 F.3d at 704-05 (Stating that "precedent might well have foreclosed the application of equitable tolling" even where Petitioner had pursued all avenues of available relief, did not consent to or know of counsel's late filing, and where the State was not prejudiced by the delay in filing).

In accordance with the Fourth Circuit's decision in Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002), Petitioner is hereby notified that his §2254 action will be dismissed as untimely, unless Petitioner can demonstrate that the Petition was filed within the proper time period.

## PROPOSAL AND RECOMMENDATION

Accordingly, the undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and find that Petitioner's Petition for Writ of *Habeas Corpus* is untimely under 28 U.S.C. §2244(d)(1)(A). Unless, during the objection period described below, the Petitioner can demonstrate that his Petition is timely filed, it is hereby respectfully **RECOMMENDED** that the District Court **DISMISS** Petitioner's Petition Under 28 U.S.C. §2254 for Writ of *Habeas Corpus* By a Person in State Custody (Doc. No. 1), **DENY** Petitioner's Application to Proceed in *Forma Pauperis* (Doc. No. 2) and remove this matter from the Court's docket.

The parties are hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable Chief United States District Judge David A.

Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have thirteen days (ten days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155, 106 S.Ct. 466, 475, 88 L.Ed.2d 435 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.) cert. denied, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.Ed.2d 352 (1984). Copies of such objections shall be served on opposing parties, Chief Judge Faber, and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to counsel of record and to Petitioner.

Date: June 28, 2006.

R. Clarke VanDervort
United States Magistrate Judge