IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

**RONNIE DEVON REDDEN,**

    **Petitioner,**

v.                                  **CIVIL ACTION NO. 1:05-1147**

**THOMAS MCBRIDE,**
**Warden,**

    **Respondent.**

## MEMORANDUM OPINION AND JUDGMENT ORDER

Pending before the court are petitioner's Petition Under 28 U.S.C. § 2254 for Writ of *Habeas Corpus* (Doc. No. 1), and Motion to Proceed *in Forma Pauperis* (Doc. No. 2). By Standing Order entered July 21, 2004, and filed in this case on December 13, 2005, this matter was referred to United States Magistrate Judge R. Clarke VanDervort. Pursuant to 28 U.S.C. § 636(b)(1)(B), the Standing Order directs Magistrate Judge VanDervort to submit proposed findings and recommendation concerning the disposition of this matter. Magistrate Judge VanDervort submitted his Proposed Findings and Recommendation ("PF & R") on June 28, 2006, recommending that this court find petitioner's Petition for Writ of *Habeas Corpus* to be untimely under 28 U.S.C. § 2244(d)(1)(A), and that this court dismiss the same, deny petitioner's Motion to Proceed *in Forma Pauperis*, and remove this matter from the court's docket. (Doc. No. 7.)

In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted ten days, plus three mailing days, in which to file any objections to Magistrate Judge VanDervort's PF & R. Under § 636(b), the failure of any party to file objections within the appropriate time frame constitutes a waiver of that party's right to a *de novo* review by this court. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985). Moreover, this court need not conduct a *de novo* review when a party "makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).

Petitioner submitted his objections on July 3, 2006. (Doc. No. 8.) In his objections, petitioner restates the arguments on which he bases his petition, but does not address the grounds on which the magistrate judge recommended dismissal, i.e., that petitioner's petition under § 2254 is untimely. (Id.) His objections are therefore irrelevant and unresponsive to the reasoning contained in the PF & R, and must be overruled on that ground, as they do not "direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano, 687 F.2d at 47.

Having reviewed the Proposed Findings and Recommendation filed by Magistrate Judge VanDervort, the court (1) **OVERRULES**

petitioner's objections thereto (Doc. No. 8), (2) **CONFIRMS** and **ACCEPTS** the factual and legal analysis within the Proposed Findings and Recommendation, (3) **DENIES** petitioner's Motion to Proceed *in Forma Pauperis* (Docket No. 2), (4) **DISMISSES** petitioner's Petition Under 28 U.S.C. § 2254 for Writ of *Habeas Corpus* (Doc. No. 1), and (5) **DISMISSES** this case with prejudice.

The Clerk is directed to remove this action from the active docket of this court. The Clerk is further directed to forward a certified copy of this Memorandum Opinion and Judgment Order to petitioner and to all counsel of record.

IT IS SO ORDERED this 1st day of August, 2006.

ENTER:

*[signature: David A. Faber]*

David A. Faber
Chief Judge