```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                     AT BLUEFIELD
```

**RONNIE DEVON REDDEN,**

    **Plaintiff,**

**v.**                                     **CIVIL ACTION NO. 1:05-01147**

**THOMAS MCBRIDE,**
**Warden,**

    **Defendant.**

### MEMORANDUM OPINION AND ORDER

In 2005, Redden filed an petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On August 1, 2006, the court dismissed his petition for a writ of habeas corpus. See ECF No. 9. On April 3, 2020, Redden filed two "motion[s] to refile under newly discovered evidence." See ECF Nos. 59 and 60. According to Redden, in another civil case from the Northern District of West Virginia, he recently discovered that he was "suffering from a psychotic disorder (delusional behavior)". According to Redden, "[i]t is well known, that a person suffering from a psychotic disorder (delusional behavior) cannot represent himself in any court of law." For this reason, Redden asks the court to appoint counsel and grant his motions "to re-file said case back into this court."

Rule 60(b) of the Federal Rules of Civil procedure provides in pertinent part:

> On motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for

> the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based upon an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Relief from final judgment under Rule 60(b) is an extraordinary remedy that "is only to be invoked upon a showing of exceptional circumstances." Pressley Ridge Schools v. Lawton, 180 F.R.D. 306, 308 (S.D.W. Va. 1998). Dispositions of Rule 60(b) motions are reviewed for abuse of discretion. See id.

After a careful review of Redden's filings, the court concludes that he is not entitled to relief under Federal Rule of Civil Procedure 60(b). Therefore, Redden's motions to reopen this long-closed civil case and for the other relief requested are **DENIED**.

The Clerk is directed to send copies of this Memorandum Opinion and Order to counsel of record and unrepresented parties.

IT IS SO ORDERED this 24th day of February, 2021.

ENTER:

David A. Faber
Senior United States District Judge